**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4327**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

JAVONTE DAQUARIUS MCRAVIN,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00246-WO-1)

Submitted: November 19, 2019                    Decided:  January 23, 2020

Before MOTZ and RUSHING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Stephen Thomas Inman, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javonte Daquarius McRavin appeals his conviction and sentence after pleading guilty to discharging a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2012). On appeal, McRavin's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising the issues of whether there was ineffective assistance of counsel or prosecutorial misconduct, and whether his sentence exceeded the statutory maximum or was based on an unconstitutional factor. McRavin was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

McRavin first questions whether his counsel was ineffective. We will not consider a claim of ineffective assistance of counsel on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). We have reviewed the record and conclude that no ineffectiveness conclusively appears on the face of this record.

McRavin next questions whether there was prosecutorial misconduct. To succeed on a prosecutorial misconduct claim, a defendant must show that the prosecutor's conduct was improper and that the improper conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process. *United States v. Chavez*, 894 F.3d 593, 602 (4th Cir.), *cert. denied*, 139 S. Ct. 278 (2018); *United States v. Caro*, 597 F.3d 608, 624-25 (4th Cir. 2010). We have reviewed the record and conclude McRavin fails to make this showing. It was not improper for the prosecution to present him "with the unpleasant

2

alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution." *Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1978).

Finally, McRavin questions whether his sentence exceeded the statutory maximum or was based on an unconstitutional factor. The district court found that his recommended sentence under the advisory Guidelines was the mandatory minimum 10 years in prison, and the court sentenced him above the minimum to 144 months or 12 years in prison.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks omitted). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is procedurally reasonable, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.*

If the sentence is outside the advisory Guidelines, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* "[A] major departure should be supported by a more significant justification than a minor one." *Id.* at 50.

3

"We review a variant sentence to determine the reasonableness of imposing such sentence and the extent of the variance from the Guidelines range." *Bolton*, 858 F.3d at 915. "We will vacate such sentence if its stated reasoning is inadequate or if it relies on improper factors" but "must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different." *Id.* (internal quotation marks omitted). "'[A] district court's explanation of its sentence need not be lengthy, but the court must offer *some* individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553.'" *United States v. Lymas*, 781 F.3d 106, 113 (4th Cir. 2015) (quoting *United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010)). The court "must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019).

We have reviewed the record and conclude that McRavin's sentence is procedurally and substantively reasonable. The district court adequately explained its sentence and did not rely on any improper factors. As for the issues raised on appeal, the sentence did not exceed the statutory maximum of life and was not based on any unconstitutional factor.

In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state

4

that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*